FILED

07/16/2026

Clerk of the
Appellate Courts

IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
November 5, 2025 Session

## PAMELA SALAS V. JOHN DAVID ROSDEUTSCHER, M.D. ET AL.

**Appeal from the Circuit Court for Davidson County**
**No. 21C816      Lynne T. Ingram, Judge**

_____

### No. M2025-00244-COA-R9-CV

_____

The trial court granted the plaintiff's motion to voluntarily dismiss her health care liability action against two defendants but retained jurisdiction to determine whether or not to award sanctions against the plaintiff's attorneys. More than one year after the trial court entered the order of voluntary dismissal, but less than one year after the court entered an order on the sanctions issue, the plaintiff refiled her health care liability claims. The defendants filed a motion to dismiss, arguing that the plaintiff failed to refile her action within one year from the date the order of voluntary dismissal was entered. The trial court denied the motion based, in part, on its determination that the one-year statute of limitations did not commence until the date the sanctions order was entered because the first action did not conclude until then. Because we have determined that the one-year statute of limitations commenced on the date the court entered the order of voluntary dismissal, we reverse the trial court's decision and remand for entry of an order granting the motion to dismiss.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Reversed and Remanded**

ANDY D. BENNETT, J., delivered the opinion of the Court, in which JEFFREY USMAN and, VALERIE L. SMITH, JJ., joined.

Matthew H. Cline and Dixie W. Cooper, Brentwood, Tennessee, for the appellants, John David Rosdeutscher and Cumberland Plastic Surgery P.C.

Afsoon Hagh and John Tate Spragens, Nashville, Tennessee, for the appellee, Pamela Salas.

**OPINION**

FACTUAL AND PROCEDURAL BACKGROUND

This appeal involves a refiled health care liability action. After sending the requisite pre-suit notice, Pamela Salas timely filed a health care liability action against Dr. John Rosdeutscher and Cumberland Plastic Surgery, P.C. (collectively, "the Defendants") on May 11, 2018 ("*Salas I*"). In her complaint, Ms. Salas alleged that negligence occurred while she was receiving medical care from Dr. Rosdeutscher in January and February 2017. The Defendants filed a motion on December 31, 2019, seeking sanctions against Ms. Salas's counsel, and shortly thereafter, Ms. Salas's counsel filed a notice of voluntary dismissal. On March 26, 2020, the trial court entered an order granting the voluntary dismissal of Ms. Salas's claims against the Defendants but retaining jurisdiction over the issue of sanctions against Ms. Salas's counsel. Over a year later, on April 28, 2021, the trial court entered an order awarding monetary sanctions against Ms. Salas's counsel. The April 28, 2021 sanctions order was the final order in *Salas I*, and Ms. Salas's attorneys appealed that order to this Court, where we affirmed in part and remanded for an evidentiary hearing on the sole issue of attorneys' fees. *See Salas v. Rosdeutscher*, Nos. M2021-00449-R3-CV, M2022-00130-R3-CV, 2024 WL 1119818, at *1 (Tenn. Ct. App. Jan. 9, 2024).

On January 8, 2021, while the sanctions issue was still pending, Ms. Salas sent pre-suit notice to the Defendants of her intent to refile her health care liability action against them, and on May 12, 2021, she filed the instant action ("*Salas II*"). The Defendants filed a motion to dismiss *Salas II*, arguing that the case was subject to dismissal because Ms. Salas failed to refile her claims within one year from the March 26, 2020 order granting voluntary dismissal in *Salas I*, as required by Tenn. Code Ann. § 28-1-105 ("the Savings Statute"). Alternatively, the Defendants argued that, if the trial court concluded that the Savings Statute did not begin to run until entry of the sanctions order in *Salas I*, the current case was still subject to dismissal because Ms. Salas failed to comply with the requirement that pre-suit notice be sent after the original lawsuit was fully dismissed.

After hearing arguments on the motion, the trial court entered an order on August 5, 2024, granting the motion and dismissing all of Ms. Salas's claims. The trial court determined that the Savings Statute began to run when the order granting voluntary dismissal was entered on March 26, 2020. Because *Salas II* was filed on May 12, 2021, more than a year later, and because Tenn. Code Ann. § 29-26-121(c)[1] did not operate to extend the Savings Statute, the trial court concluded that *Salas II* was not timely filed.

---

[1] Under Tenn. Code Ann. § 29-26-121(c), "the applicable statutes of limitations and repose shall be extended for a period of one hundred twenty (120) days" when a plaintiff complies with the pre-suit notice requirement. The Tennessee Supreme Court has held that "the 120-day extension in Tennessee Code Annotated section 29-26-121(c) is inapplicable to actions refiled pursuant to the Saving Statute in

On August 30, 2024, Ms. Salas filed a motion to alter or amend the order of dismissal. The court heard arguments on the matter and, on November 26, 2024, entered an order granting the motion to alter and amend and denying the Defendants' motion to dismiss. In changing its decision, the trial court determined that the correct date for calculating whether Ms. Salas had refiled her claims within the Savings Statute was the date the sanctions order was entered, rather than the date the voluntary dismissal order was entered. The court then addressed the pre-suit notice issue and determined that Ms. Salas failed to comply with the pre-suit notice requirement because she sent the notice for *Salas II* while *Salas I* was still pending. The court concluded, however, that extraordinary cause excused her failure to comply.

The trial court granted the Defendants permission to seek an interlocutory appeal and certified the following question for our review:

> Whether the Trial Court correctly denied Defendants' Motion to Dismiss by (1) determining the Saving Statute began to run on April 28, 2021 when the Sanctions Order was entered in *Salas I*, rather than March 26, 2020 when the Court entered the Order granting [Ms. Salas's] Notice of Voluntary Dismissal in *Salas I* and (2) determining that extraordinary cause excused [Ms. Salas's] failure to comply with the presuit notice provision of the Health Care Liability Act, Tenn. Code Ann. § 29-26-121.

STANDARD OF REVIEW

We apply the same standard of review to the issues in an interlocutory appeal as we would apply to those issues in an appeal as of right. *Peck v. Tanner*, 181 S.W.3d 262, 265 (Tenn. 2005). The question certified for our review concerns a denial of a motion to dismiss filed pursuant to Tenn. R. Civ. P. 12.02(6). Motions to dismiss filed pursuant to Tenn. R. Civ. P. 12.02(6) challenge "only the legal sufficiency of the complaint, not the strength of the plaintiff's proof or evidence." *Webb v. Nashville Area Habitat for Human., Inc.*, 346 S.W.3d 422, 426 (Tenn. 2011). A defendant filing a motion to dismiss "'admits the truth of all of the relevant and material allegations contained in the complaint, but . . . asserts that the allegations fail to establish a cause of action.'" *Id.* (quoting *Brown v. Tenn. Title Loans, Inc.*, 328 S.W.3d 850, 854 (Tenn. 2010)). When determining whether a complaint should be dismissed for failure to state a claim under Rule 12.02(6), the court "'must construe the complaint liberally, presuming all factual allegations to be true and giving the plaintiff the benefit of all reasonable inferences.'" *Tigg v. Pirelli Tire Corp.*, 232 S.W.3d 28, 31-32 (Tenn. 2007) (quoting *Trau-Med of Am., Inc. v. Allstate Ins. Co.*, 71 S.W.3d 691, 696 (Tenn. 2002)). The court should grant a motion to dismiss if it appears that the plaintiff cannot prove any set of facts in support of the claim entitling him or her to relief. *Webb*,

---

Tennessee Code Annotated section 28-1-105." *Richards v. Vanderbilt Univ. Med. Ctr.*, 706 S.W.3d 319, 325 (Tenn. 2025).

346 S.W.3d at 426. A trial court's decision regarding the adequacy of a complaint involves a question of law, which we review de novo with no presumption of correctness. *Myers v. AMISUB (SFH), Inc.*, 382 S.W.3d 300, 307 (Tenn. 2012).

This appeal also involves the interpretation of a statute and the application of a Tennessee Rule of Civil Procedure. "The construction of statutes and procedural rules are questions of law that are reviewed de novo without any presumption of correctness." *Lind v. Beaman Dodge, Inc.*, 356 S.W.3d 889, 895 (Tenn. 2011). When interpreting a statute, our role "is to assign a statute the full effect of the legislative intent without restricting or expanding its intended scope." *Frazier v. State*, 495 S.W.3d 246, 248 (Tenn. 2016). We determine the legislature's intent by "look[ing] first and foremost to the text of the statute because the statutory language is of primary importance." *Flade v. City of Shelbyville*, 699 S.W.3d 272, 285 (Tenn. 2024). If a statute's language is "clear and unambiguous, we derive the legislative intent from the plain meaning of the statutory language and simply enforce the statute as written." *Id.* "Even though 'the rules of civil procedure are not statutes, the same rules of statutory construction apply . . . .'" *Lind*, 356 S.W.3d at 895 (quoting *Thomas v. Oldfield*, 279 S.W.3d 259, 261 (Tenn. 2009)).

## ANALYSIS

Though the question certified for review contains two parts, we will address only one, as it is dispositive: whether the trial court erred in determining that the Defendants' motion to dismiss should be denied because the Savings Statute did not begin to run until the entry of the sanctions order on April 28, 2021.

We begin with the Savings Statute, which states, in pertinent part, as follows:

> If the action is commenced within the time limited by a rule or statute of limitation, but the judgment or decree is rendered against the plaintiff upon any ground not concluding the plaintiff's right of action, or where the judgment or decree is rendered in favor of the plaintiff, and is arrested, or reversed on appeal, the plaintiff, or the plaintiff's representatives and privies, as the case may be, may, from time to time, commence a new action within one (1) year after the reversal or arrest. . . .

Tenn. Code Ann. § 28-1-105(a). The Tennessee Supreme Court has described the Savings Statute as "allow[ing] a case that has been dismissed, for reasons other than a dismissal on the merits, to be refiled within a set period—even after the statute of limitations has run on the action." *Circle C Constr., LLC v. Nilsen*, 484 S.W.3d 914, 919 (Tenn. 2016).

Thus, there are essentially three requirements that a plaintiff must satisfy for the Savings Statute to apply: (1) the initial case was "commenced" within the applicable statutes of limitation, Tenn. Code Ann. § 28-1-105(a); (2) the initial case must have been

dismissed for reasons not "on the merits," *Circle C*, 484 S.W.3d at 919; and (3) the case must have been refiled "within one year of the voluntary dismissal of the first action." *Id.* There is no dispute that Ms. Salas satisfied the first two requirements because *Salas I* was timely filed and the voluntary dismissal was not a dismissal on the merits. The dispute centers on the third requirement—whether the action was timely refiled. Resolution of the matter depends on when the saving year started to run. The Defendants assert that the saving year commenced on the date the trial court entered the order granting the voluntary dismissal, while Ms. Salas asserts that it began to run when the trial court entered the sanctions order. For the reasons discussed below, we agree with the Defendants.

Rule 41 of the Tennessee Rules of Civil Procedure governs voluntary dismissals and provides that "[a] voluntary nonsuit to dismiss an action without prejudice must be followed by an order of voluntary dismissal signed by the court and entered by the clerk. The date of entry of the order will govern the running of pertinent time periods." TENN. R. CIV. P. 41.01(3). The 2004 Advisory Commission Comments indicate that the filing of the order granting voluntary dismissal "start[s] the saving year running under T.C.A. § 28-1-105."

Though Tenn. R. Civ. P. 41.01(3) expressly states that the entry date of the order granting the voluntary dismissal "govern[s] the running of pertinent time periods," the trial court held that the entry date of the sanctions order governed when the savings year began to run in this case. The court explained that, "when weighing all the circumstances in this case," along with "policy justifications," it was appropriate "to use the latest possible date here" because the sanctions order, not the voluntary dismissal order, was the order that concluded *Salas I*. In reaching its decision, the trial court noted that there are no Tennessee cases addressing this specific issue, but the court cited to the Supreme Court's decision in *Parrish v. Marquis*, 137 S.W.3d 621 (Tenn. 2004), as support for the conclusion that entry of a final order is required to start the running of the Savings Statute. We respectfully disagree.

In *Parrish*, the trial court granted the defendants' motions for summary judgment and dismissed the case on its merits. *Id.* at 622. The plaintiffs appealed and, on July 31, 2000, this Court filed an opinion agreeing with the trial court's determination that the case should be dismissed but concluding that dismissal was warranted based on the alternative ground of improper venue. *Id.* at 623. We then remanded the case to the trial court "for further proceedings consistent with [the July 31, 2000] opinion." *Id.* Upon remand, the trial court entered an order dismissing the case without prejudice for improper venue on November 27, 2000. *Id.* After the plaintiffs refiled the action on November 8, 2001, the defendants filed motions for summary judgment arguing, among other things, that the plaintiffs did not timely refile the action under the Savings Statute because they failed to refile the action within one year after the Court of Appeals entered its judgment. *Id.* The trial court agreed and dismissed the case. *Id.*

The Supreme Court reversed, holding that the saving year "commenced on the date of the trial court's order of dismissal on remand," which was less than one year from the date the plaintiffs refiled the action. *Id.* at 624. The Court explained that, if the July 31, 2000 judgment of the Court of Appeals "had dismissed the action, the statute of limitations would have commenced" on that date. *Id.* The July 31, 2000 judgment, however, did not dismiss the action. *Id.* Rather, it remanded the case for the trial court to enter the order of dismissal. *Id.* Because the November 27, 2000 order entered by the trial court was the order of dismissal, the *Parrish* Court concluded that the saving year commenced on that date. *Id.* Though no further claims were pending, thereby making the trial court's November 27, 2000 order of dismissal the final order in the case, nothing in the Court's opinion indicates that a final order is required before the saving year begins to run when a plaintiff voluntarily dismisses his or her action. On the contrary, the *Parrish* holding is consistent with the language in Tenn. R. Civ. P. 41.01(3) that the saving year commences on the date the order of dismissal is entered.

In determining that the date the sanctions order was entered governed when the saving year commenced in this case, the trial court also relied heavily on an unreported federal district court opinion, *Romanov v. State Farm Mutual Automobile Insurance Co.*, No. 3:22-cv-443, 2023 WL 3635698 (E.D. Tenn. May 24, 2023). In *Romanov*, the plaintiff filed suit alleging multiple causes of action. *Id.* at *2. She subsequently amended her complaint to allege only a claim for breach of contract. *Id.* After the deadlines for discovery and dispositive motions had expired, the plaintiff filed a motion to amend her complaint again, but that motion was denied. *Id.* Two years into litigation and only one month before trial, the plaintiff filed a motion to voluntarily dismiss her case. *Id.* On September 24, 2020, the court entered an order granting the voluntary dismissal but placing conditions on the dismissal that the court clarified meant that "absent a change in circumstances, [Romanov] would not be permitted to assert new claims against [the defendant] in any newly filed case in this Court." *Id.* The plaintiff appealed the voluntary dismissal order and, on February 4, 2022, the United States Court of Appeals for the Sixth Circuit entered an order dismissing the appeal. *Id.* The Court held that it lacked jurisdiction because the dismissal order was not appealable due to the plaintiff not showing that the conditions placed on the dismissal resulted in legal prejudice. *Id.*

The plaintiff then refiled her case in the district court on December 12, 2022. *Id.* The defendant filed a motion to dismiss, arguing that the plaintiff did not refile her case within one year of the date the order granting voluntary dismissal was entered. *Id.* at *7. The plaintiff argued that she did timely refile her complaint because the Savings Statute did not begin to run until the Sixth Circuit entered the order dismissing her appeal of the voluntary dismissal order. *Id.* Ultimately, the district court agreed with the plaintiff and held that she timely refiled her complaint because the Savings Statute did not begin to run until the Sixth Circuit entered the order dismissing her appeal, which occurred 312 days before the plaintiff refiled her complaint. *Id.* at *7, *9. The court reasoned that it was appropriate to choose "'the latest possible date on which . . . a dismissal order' was entered"

because "the Tennessee savings statute clock begins at the conclusion of the original suit," and "it is reasonable to regard a case as 'concluded' only after a pending appellate decision is resolved." *Id.* at *8 (quoting *Meersman v. Regions Morgan Keegan Trust*, No. 3:20-cv-00154, 2020 WL 2319785, at *4 (M.D. Tenn. May 11, 2020)). As the court explained, "[r]equiring a plaintiff to refile her case within a year of the dismissal order's entry despite the pendency of an appeal in the original case may also have the untenable effect of discouraging plaintiffs faced with apparently unfair dismissal conditions from pursuing appellate review." *Id.* at *9.

Respectfully, we disagree with the trial court's finding that the rationale in *Romanov* is instructive here because we find a key distinction. The appeal in *Salas I* resulted from Ms. Salas's attorneys challenging the sanctions award against them, not from conditions placed on the voluntary dismissal. Indeed, Ms. Salas herself appealed nothing. It is rare for a plaintiff in this state to appeal an order granting voluntary dismissal because, unlike Fed. R. Civ. P. 41(a)(2),[2] Tenn. R. Civ. P. 41 contains no language permitting trial courts to place conditions in an order of voluntary dismissal. In other words, unlike in federal court, if a plaintiff takes a voluntary nonsuit under Tenn. R. Civ. P. 41, "the parties are placed in their original positions prior to the filing of the suit." *Himmelfarb v. Allain*, 380 S.W.3d 35, 40 (Tenn. 2012). Thus, requiring a plaintiff, under the circumstances in this case, to refile his or her case within one year of the date that the order of voluntary dismissal was entered, would not "have the untenable effect of discouraging plaintiffs faced with apparently unfair dismissal conditions from pursuing appellate review."[3] *Romanov*, 2023 WL 3635698, at *9.

We also disagree with the trial court's reliance on *Romanov* in this case based on language in *Romanov* indicating that the Savings Statute begins to run "on the latest possible date." The *Romanov* court quoted the "latest possible date" language from *Meersman*, 2020 WL 2319785, which we note is another unreported federal district court opinion, as support for holding that "the start of the savings-statute clock [was delayed] until after the initial case ha[d] concluded." *Romanov*, 2023 WL 3635698, at *8, *9. Specifically, the *Romanov* court stated that the *Meersman* court calculated when the Savings Statute began to run in that case by choosing "'the latest possible date on which . . . a dismissal order' was entered." *Id.* (quoting *Meersman*, 2020 WL 2319785, at *4). We respectfully disagree with how the *Romanov* court construed the *Meersman* holding. The

---

[2] Federal Rule of Civil Procedure 41(a)(2) states, in pertinent part, that "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper."

[3] The Tennessee Rules of Civil Procedure provide further evidence that requiring a plaintiff to refile his or her case within one year of an order of voluntary dismissal being entered would not discourage appeals. If a plaintiff wished to seek an appeal of an order of voluntary dismissal while part of the case remained pending against another defendant or a third-party defendant (preventing the voluntary dismissal order from automatically becoming a final order), Tenn. R. Civ. P. 54.02(1) permits trial courts to certify the order of dismissal as final to permit an appeal before the entire case concludes.

*Meersman* court did not hold that the latest possible date should be used for calculating the Savings Statute. The *Meersman* court simply used the latest possible date proposed by the plaintiff and found that it was still insufficient to save the refiled case from dismissal. *Meersman*, 2020 WL 2319785, at *4. In light of that conclusion, it was then unnecessary for the *Meersman* court to determine whether the saving year began to run on an earlier date. *See id.* at *4-5.

Furthermore, the trial court's conclusion that the Savings Statute does not begin to run until "the latest possible date" appears to conflict with our Supreme Court's opinion in *Frazier v. East Tennessee Baptist Hospital, Inc.*, 55 S.W.3d 925 (Tenn. 2001). In *Frazier*, the plaintiff filed a medical malpractice claim against a doctor and a hospital. *Id.* at 926. On August 7, 1998, the trial court entered an order granting a voluntary dismissal of the plaintiff's claims against the hospital, but her claims against the doctor remained pending. *Id.* On August 5, 1999, the plaintiff sought to amend her complaint to rejoin the hospital as a defendant, and the motion was granted on August 10, 1999. *Id.* The hospital then filed a motion to dismiss, arguing that the plaintiff failed to commence a new action against the hospital within one year of the voluntary dismissal "because the order granting the motion to amend was filed two days after expiration of the one-year statutory period." *Id.* at 927. The trial court granted the motion to dismiss. *Id.*

On appeal, the Supreme Court reversed and held that the motion to amend the complaint stood "in place of the actual amended complaint while the motion [was] under review by the court." *Id.* at 930. Thus, because the motion to amend the complaint was filed within the one-year statute of limitations, the Court held that the plaintiff timely commenced a new action against the hospital. *Id.* The Court then summarized its holding as follows:

> In sum, we hold that a plaintiff, having timely commenced an action, may take a voluntary dismissal without prejudice (subject to the restrictions of Rule 41.01 and Tenn. Code Ann. § 28-1-105) with respect to one or all defendants in the action, and may commence a new action against the same defendant or defendants by filing a motion to amend and a proposed amended complaint within one year of the order granting the voluntary dismissal.

*Id.* If the trial court were correct that the Savings Statute does not start to run until "the latest possible date," there would have been no need for the *Frazier* Court to engage in the lengthy analysis it pursued because there had not been a final judgment entered against the remaining defendant after the plaintiff was granted the voluntary dismissal of the claims against the hospital. In other words, the *Frazier* Court did not consider the fact that the trial court retained jurisdiction of the case after entry of the order granting the voluntary dismissal as delaying the running of the saving year for the plaintiff to refile her case against the hospital.

In light of the foregoing, we conclude that the trial court erred in determining that the Savings Statute did not start to run until entry of the sanctions order because that was "the latest possible date." The decision in *Romanov* is not controlling authority and, contrary to the trial court's finding, the *Romanov* decision is not persuasive under the circumstances of this case. Tennessee Rule of Civil Procedure 41.01(3) provides that "[t]he date of entry of the order [of dismissal] will govern the running of pertinent time periods." Nothing in Rule 41.01 or the Savings Statute suggests that be a final judgment must be entered before the saving year commences, nor have we found any Tennessee caselaw stating that such a requirement exists.[4] Rather, the two most pertinent Tennessee cases, *Parrish* and *Frazier*, reinforce the language of Rule 41.01(3) by looking to the entry date of the order of dismissal to determine when the Savings Statute commenced, regardless of whether there was a final judgment or not.

In sum, we conclude that the saving year started to run on the date the trial court entered the order of voluntary dismissal, March 26, 2020. Ms. Salas refiled her claims against the Defendants more than one year later. We therefore conclude that the trial court erred in denying the Defendants' motion to dismiss Ms. Salas's refiled claims as untimely. The trial court's decision is reversed, and the case is remanded for the court to enter an order granting the Defendants' motion to dismiss.

CONCLUSION

The judgment of the trial court is reversed, and the case is remanded for further proceedings consistent with this opinion. Costs of this appeal are assessed against the appellant, Pamela Salas, for which execution may issue if necessary.

/s/ Andy D. Bennett
ANDY D. BENNETT, JUDGE

---

[4] In her appellate brief, Ms. Salas cites to *Edwards v. Banco Lumber Co.*, 101 S.W.3d 69 (Tenn. Ct. App. 2002), in support of her argument that finality is required before the Savings Statute commences. In *Edwards*, the plaintiff filed a motion for voluntary nonsuit. *Id.* at 71. The trial court entered an order granting the voluntary nonsuit on May 16, 2000. *Id.* Three days later, the trial court entered a second order that again granted the voluntary nonsuit but was denominated a "Final Order." *Id.* The Court of Appeals determined that the Savings Statute commenced on the date the second order of dismissal was entered because it modified and superseded the first order of dismissal pursuant to Tenn. R. Civ. P. 59.05. *Id.* at 74-75. In the present case, the sanctions order and the order of voluntary dismissal addressed completely separate issues. There was no modification that would trigger Tenn. R. Civ. P. 59.05. Though the *Edwards* court mentioned the fact that the first order of dismissal was not a final order, this discussion occurred after the court referenced *Arfken & Associates, P.A. v. Simpson Bridge Co., Inc.*, 85 S.W.3d 789 (Tenn. Ct. App. 2002), which addressed whether a notice of appeal was timely filed under Rule 3 of the Tennessee Rules of Appellate Procedure. *Edwards*, 101 S.W.3d at 74-75. Unlike Rule 41.01(3) and the Savings Statute, Tenn. R. App. P. 3(a) expressly requires finality for a notice of appeal in most circumstances. Respectfully, we do not find *Edwards* applicable here.